990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Matthew JONES, Plaintiff-Appellant,
v.
LT. JORGENSON; James Blodgett, Defendants-Appellees.
 No. 92-36694.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 5, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Matthew Jones, a Washington state prisoner, appeals pro se the district court's summary judgment for the defendant prison officials in his 42 U.S.C. § 1983 action. Jones contends that he was found guilty of four infractions without any evidence that he committed them. We review de novo the district court's grant of summary judgment, Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989), and affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id. There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Id. at 1045. However, conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Id.
 
 
 4
 Pursuant to the Washington Administrative Code, inmates are prohibited from receiving anything of value from another inmate or another inmate's family or friends. The purpose of this rule is to prevent extortion among prisoners.
 
 
 5
 Plaintiff was a tier porter in the Intensive Management Unit ("IMU"), housed two cells away from Barbaro Chavez, with whom plaintiff had daily contact. Plaintiff thereafter began to receive money orders from Armando Chavez, the brother of Barbaro Chavez. Thus, pursuant to administrative rules, Jones received an infraction for the receipt of a twenty-dollar money order from Armando Chavez. Jones admits he received the money order, and that under the rules, he had no right to receive it. Prison officials confiscated the money order and placed it in the Inmate Welfare Fund, pursuant to administrative regulations.
 
 
 6
 As a result of the plaintiff's receipt of the money order, he received infractions for unauthorized use of the mail or telephone (infraction # 303), accepting something of value from the family of another inmate (infraction # 351), attempting to commit a minor offense (infraction # 400), and committing a minor offense in a dangerous manner (infraction # 701).
 
 
 7
 The findings of a disciplinary prison board must be supported by "some evidence in the record." Superintendent v. Hill, 471 U.S. 445, 454 (1985); Toussaint v. McCarthy, 926 F.2d 800, 802-03 (9th Cir.1990). The record must not be "so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." Hill, at 457. This court, however, is not to make its own assessment of the credibility of the witnesses or to reweigh the evidence. Id. at 455.
 
 
 8
 As the district court found, there was "some evidence" to support the disciplinary board's findings that plaintiff violated three of the four infractions. Accordingly, the district court did not err in finding for the defendants on those infractions, i.e., infractions 351, 400, and 751. See id. at 455. The district court granted summary judgment with respect to the final infraction because plaintiff could show no fourteenth amendment violation arising from the deprivation of any protected property or liberty interest. See Baker v. McCollan, 443 U.S. 137, 145 (1979) (fourteenth amendment protects only against deprivations of life, liberty, or property without due process of law). Plaintiff states that his television and other privileges were taken away as a result of the infractions, but not as a result of any one particular infraction. Further, as the district court found, plaintiff has no property interest in the receipt of a money order which he admits he is not entitled to receive. Accordingly, we affirm.
 
 
 9
 AFFIRMED.